UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CC BUSINESS SOLUTIONS, a division of CREDIT CASH NJ, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHCARE RESOURCE NETWORK, LLC, THE MASLOW MEDIA GROUP, INC., VIVOS HOLDINGS, LLC, VIVOS ACQUISITIONS, LLC, NAVEEN DOKI, AND SILVIJA VALLERU,<br><br>Defendants. | Civil Action No. 18-14461<br><br>**COMPLAINT** |

Plaintiff CC Business Solutions, a division of Credit Cash NJ, LLC ("Plaintiff"), by and through its attorneys, McCarter & English, LLP, by way of Complaint against Defendants (the "Complaint"), states:

## THE PARTIES

1. CC Business Solutions is Delaware limited liability company with its principal place of business in New Jersey, and a division of Credit Cash NJ, LLC, which is also a Delaware limited liability company authorized to do business in New Jersey.

2. Healthcare Resource Network, LLC is a Nevada limited liability company with its principal place of business at 12154 Darnestown Road, #518, Gaithersburg, Maryland 20878.

3. The Maslow Media Group, Inc. is a Virginia limited liability company with its principal place of business at 22 Baltimore Road, Rockville, Maryland 20850.

4. Vivos Holdings, LLC is a Virginia limited liability company with its principal place of business at 10529 Crestwood Drive, Suite 201, Manassas, Virginia 20109.

5. Vivos Acquisitions, LLC is a Virginia limited liability company with its principal place of business at 10529 Crestwood Drive, Suite 201, Manassas, Virginia 20109.

6. Naveen Doki is an individual and citizen of Virginia who resides at 4902 Finchern Court, Fairfax, Virginia 22030.

7. Silvija Valleru is an individual and citizen of Virginia who resides at 6206 Colchester Road, Fairfax, Virginia 22030.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction over the claims asserted in this Complaint because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity as Plaintiff is not a citizen of the same state as any Defendant.

9. This district is the proper venue as the parties agreed to litigate any disputes in the state or federal courts of New Jersey.

## FIRST COUNT
(Action on the HCRN Advance Agreement)

10. Plaintiff and Defendant Healthcare Resource Network, LLC ("HCRN") entered into that certain Accounts Receivable Advance Agreement dated November 15, 2017 (the "HCRN Advance Agreement"), pursuant to which Plaintiff agreed to advance funds to HCRN under certain terms.

11. Pursuant to the HCRN Advance Agreement, the terms of the advances were set forth in the Advance Schedule (No. 1) dated November 20, 2017 (the "HCRN Advance Schedule", together with the HCRN Advance Agreement, the "HCRN Loan Agreement"). The HCRN Advance Schedule reflects the original amount due of $1,005,000 (the "HCRN Advance").

12.     Plaintiff is the present holder of the HCRN Loan Agreement, and all other documents executed in connection with the HCRN Advance (collectively, the "HCRN Documents"), and is entitled to enforce same.

13.     The pertinent terms or conditions of the HCRN Documents are as follows:

(a)     HCRN was required to make fixed weekly payments of $14,166.67 each for 18 months.

(b)     All remaining sums outstanding under the HCRN Advance shall become due and payable on May 20, 2019.

(c)     An event of default shall exist if HCRN fails to make any payment when due.

(d)     Upon default, interest shall accrue at a rate of 18% per annum.

(e)     If a payment is not made when due, HCRN agreed to pay a late charge of 5% of the regularly scheduled payment.

(f)     HCRN agreed to pay all costs of collection, including, but not limited to, Plaintiff's attorneys' fees and costs and the Reimbursable Expenses, as defined in the HCRN Documents.

14.     The HCRN Loan is in default by virtue of, inter alia, HCRN's failure to pay the fixed payments when due (the "HCRN Defaults").

15.     The date of default is at least September 11, 2018.

16.     As a result of the HCRN Defaults, all sums outstanding under the HCRN Documents are fully and immediately due and payable.

17.     By letter dated September 14, 2018, HCRN was notified of the HCRN Defaults and Plaintiff's demand for payment.

18. Despite demand, HCRN has failed to pay all sums due under the HCRN Advance.

**WHEREFORE**, Plaintiff CC Business Solutions, a division of Credit Cash NJ, LLC, demands that judgment be entered in its favor and against Defendant Healthcare Resource Network, LLC for all amounts due under the HCRN Documents and HCRN Advance, together with prejudgment interest and costs of suit, including recovery of reasonable attorneys' fees.

## SECOND COUNT
(Breach of Contract – HCRN Advance Agreement)

19. Plaintiff repeats and realleges the allegations of the foregoing paragraphs of the Complaint as if fully set forth herein.

20. The HCRN Advance Agreement constitutes a valid contract between the parties pursuant to which, inter alia, money was lent to HCRN in exchange for HCRN's compliance with, and repayment of, the HCRN Advance in accordance with the terms of HCRN Documents.

21. The HCRN Advance was made to HCRN in accordance with the terms of the HCRN Documents.

22. HCRN is in default under the terms of the HCRN Documents by virtue of, inter alia, the HCRN Defaults.

23. As a result of these breaches, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff CC Business Solutions, a division of Credit Cash NJ, LLC, demands that judgment be entered in its favor and against Defendant Healthcare Resource Network, LLC for compensatory damages, together with prejudgment interest and costs of suit, including recovery of reasonable attorneys' fees.

## THIRD COUNT
(Action on the Maslow Advance Agreement)

24. Plaintiff repeats and realleges the allegations of the foregoing paragraphs of the

Complaint as if fully set forth herein.

25. Plaintiff and Defendant The Maslow Media Group, Inc. ("Maslow") entered into that certain Accounts Receivable Advance Agreement dated November 15, 2017 (the "Maslow Advance Agreement"), pursuant to which Plaintiff agreed to advance funds to Maslow under certain terms.

26. Pursuant to the Maslow Advance Agreement, the terms of the advances were set forth in the Advance Schedule (No. 1) dated November 20, 2017 (the "Maslow Advance Schedule", together with the Maslow Advance Agreement, the "Maslow Loan Agreement"). The Maslow Advance Schedule reflects the original amount due of $780,000 (the "Maslow Advance").

27. Plaintiff is the present holder of the Maslow Loan Agreement, and all other documents executed in connection with the Maslow Advance (collectively, the "Maslow Documents"), and is entitled to enforce same.

28. The pertinent terms or conditions of the Maslow Documents are as follows:

(a) Maslow was required to make fixed weekly payments of $10,000 each for 18 months.

(b) All remaining sums outstanding under the Maslow Advance shall become due and payable on May 20, 2019.

(c) An event of default shall exist if Maslow fails to make any payment when due.

(d) Upon default, interest shall accrue at a rate of 18% per annum.

(e) If a payment is not made when due, Maslow agreed to pay a late charge of 5% of the regularly scheduled payment.

  (f)  Maslow agreed to pay all costs of collection, including, but not limited to, Plaintiff's attorneys' fees and costs and the Reimbursable Expenses, as defined in the Maslow Documents.

29. The Maslow Loan is in default by virtue of, <u>inter alia</u>, Maslow's failure to pay the fixed payments when due (the "Maslow Defaults").

30. The date of default is at least September 11, 2018.

31. As a result of the Maslow Defaults, all sums outstanding under the Maslow Documents are fully and immediately due and payable.

32. By letter dated September 14, 2018, Maslow was notified of the Maslow Defaults and Plaintiff's demand for payment.

33. Despite demand, Maslow has failed to pay all sums due under the Maslow Advance.

**WHEREFORE**, Plaintiff CC Business Solutions, a division of Credit Cash NJ, LLC, demands that judgment be entered in its favor and against Defendant The Maslow Media Group, Inc. for all amounts due under the Maslow Documents, together with prejudgment interest and costs of suit, including recovery of reasonable attorneys' fees.

### FOURTH COUNT
(Breach of Contract – Maslow Advance Agreement)

34. Plaintiff repeats and realleges the allegations of the foregoing paragraphs of the Complaint as if fully set forth herein.

35. The Maslow Advance Agreement constitutes a valid contract between the parties pursuant to which, <u>inter alia</u>, money was lent to Maslow in exchange for Maslow's compliance with, and repayment of, the Maslow Advance in accordance with the terms of the Maslow

Documents.

36. The Maslow Advance was made to Maslow in accordance with the terms of the Maslow Documents.

37. Maslow is in default under the terms of the Maslow Documents by virtue of, <u>inter alia</u>, the Maslow Defaults.

38. As a result of these breaches, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff CC Business Solutions, a division of Credit Cash NJ, LLC, demands that judgment be entered in its favor and against Defendant The Maslow Media Group, Inc. for compensatory damages, together with prejudgment interest and costs of suit, including recovery of reasonable attorneys' fees.

## FIFTH COUNT
(Action on the Guaranties of the HCRN Advance)

39. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of the Complaint as if set forth in full herein.

40. In connection with the HCRN Advance, Defendants Maslow, Vivos Holdings, LLC, and Vivos Acquisitions (collectively the "HCRN Corporate Guarantors"), each executed a separate Corporation Guaranty dated November 15, 2017 (the "HCRN Corporate Guaranties").

41. In connection with the HCRN Advance, Defendants Naveen Doki and Silvija Valleru (the "HCRN Individual Guarantors"; together with the HCRN Corporate Guarantors, the "HCRN Guarantors") each executed a separate Guaranty dated November 15, 2017 (the "HCRN Individual Guaranties"; together with the HCRN Corporate Guaranties, the "HCRN Guaranties").

42. HCRN is in default under the terms of the HCRN Documents by virtue of, <u>inter alia</u>, the HCRN Defaults.

43. As a result of the HCRN Defaults, the HCRN Guarantors are liable to Plaintiff for all sums due under the HCRN Loan Agreement

44. Despite demand for payment, the HCRN Guarantors have failed to satisfy their obligations under the HCRN Guaranties.

**WHEREFORE,** Plaintiff CC Business Solutions, a division of Credit Cash NJ, LLC, demands that judgment be entered in its favor and against Defendants The Maslow Media Group, Inc., Vivos Holdings, LLC, Vivos Acquisitions, LLC, Naveen Doki and Silvija Valleru, jointly and severally, for all sums due under the HCRN Advance and the HCRN Guaranties.

## SIXTH COUNT
(Breach of Contract – HCRN Guaranties)

45. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if set forth more fully herein.

46. Each HCRN Guaranty constitutes a valid contract between the parties pursuant to which, inter alia, money was lent and certain financial accommodations were extended to HCRN in exchange for each HCRN Guarantor's guaranty of, inter alia, repayment of the HCRN Advance.

47. Funds and financial accommodations were extended to HCRN in accordance with the terms of the HCRN Documents.

48. The HCRN Guarantors have breached their contract with Plaintiff, inter alia, by virtue of the HCRN Defaults.

49. As a result of this breach, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff CC Business Solutions, a division of Credit Cash NJ, LLC, demands that judgment be entered in its favor and against Defendants The Maslow Media

Group, Inc., Vivos Holdings, LLC, Vivos Acquisitions, LLC, Naveen Doki and Silvija Valleru, jointly and severally, for all sums due under the HCRN Advance and the HCRN Guaranties.

**SEVENTH COUNT**
(Action on the Guaranties of the Maslow Advance)

50. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of the Complaint as if set forth in full herein.

51. In connection with the Maslow Advance, Defendants HCRN, Vivos Holdings, LLC, and Vivos Acquisitions, LLC (collectively the "Maslow Corporate Guarantors"), each executed a separate Corporation Guaranty dated November 15, 2017 (the "Maslow Corporate Guaranties").

52. In connection with the Maslow Advance, Defendants Naveen Doki and Silvija Valleru (the "Maslow Individual Guarantors"; together with the Maslow Corporate Guarantors, the "Maslow Guarantors") each executed a separate Guaranty dated November 15, 2017 (the "Maslow Individual Guaranties"; together with the Maslow Corporate Guaranties, the "Maslow Guaranties").

53. Maslow is in default under the terms of the Maslow Documents by virtue of, inter alia, the Maslow Defaults.

54. As a result of the Maslow Defaults, the Maslow Guarantors are liable to Plaintiff for all sums due under the Maslow Loan Agreement.

55. Despite demand for payment, the Maslow Guarantors have failed to satisfy their obligations under the Maslow Guaranties.

**WHEREFORE,** Plaintiff CC Business Solutions, a division of Credit Cash NJ, LLC, demands that judgment be entered in its favor and against Defendants Healthcare Resource Network, LLC, Vivos Holdings, LLC, Vivos Acquisitions, LLC, Naveen Doki and Silvija

Valleru, jointly and severally, for all sums due under the Maslow Advance and the Maslow Guaranties.

## EIGHTH COUNT
(Breach of Contract – Maslow Guaranties)

56. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if set forth more fully herein.

57. Each Maslow Guaranty constitutes a valid contract between the parties pursuant to which, inter alia, money was lent and certain financial accommodations were extended to Maslow in exchange for each Maslow Guarantor's guaranty of, inter alia, repayment of the Maslow Advance.

58. Funds and financial accommodations were extended to Maslow in accordance with the terms of the Maslow Documents.

59. The Maslow Guarantors have breached their contract with Plaintiff, inter alia, by virtue of the Maslow Defaults.

60. As a result of this breach, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff CC Business Solutions, a division of Credit Cash NJ, LLC, demands that judgment be entered in its favor and against Defendants Healthcare Resource Network, LLC, Vivos Holdings, LLC, Vivos Acquisitions, LLC, Naveen Doki and Silvija Valleru, jointly and severally, for all sums due under the Maslow Advance and the Maslow Guaranties.

## NINTH COUNT
(Foreclosure of Security Interests)

61. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of the Complaint as if set forth more fully herein.

62. Pursuant to the terms of the HCRN Advance Agreement, HCRN granted Plaintiff a security interest in the collateral described therein (the "HCRN Collateral").

63. To perfect its security interest in the HCRN Collateral, Plaintiff filed a UCC-1 Financing Statement with the State of Nevada recorded on November 14, 2017 as Filing No. 2017032792-2 (the "HCRN UCC").  A copy of the HCRN UCC is attached hereto as Exhibit A.

64. Pursuant to the terms of the Maslow Advance Agreement, Maslow granted Plaintiff a security interest in the collateral described therein (the "Maslow Collateral").

65. To perfect its security interest in the Maslow Collateral, Plaintiff filed a UCC-1 Financing Statement with the State of Virginia recorded on November 15, 2017 as File No. 17112840202 (the "Maslow UCC").  A copy of the Maslow UCC is attached as Exhibit B.

66. Pursuant to the terms of the HCRN Corporate Guaranties, to secure their respective obligations under the HCRN Corporate Guaranties, each HCRN Corporate Guarantor granted Plaintiff a security interest in the collateral described therein (the "HCRN Guarantor Collateral").

67. To perfect its security interest in the HCRN Guarantor Collateral, Plaintiff filed the Maslow UCC, and the following UCC-1 Financing Statements: (a) against Vivos Holdings, LLC with the State of Virginia on November 15, 2017 as File No. 17111539315 (the "Vivos Holdings UCC"), and (b) against Vivos Acquisitions, LLC with the State of Virginia on November 15, 2017 as File No. 17111539327 (the "Vivos Acquisitions UCC").  A copy of the Vivos Holdings UCC is attached as Exhibit C and a copy of the Vivos Acquisitions UCC is attached as Exhibit D.

68. Pursuant to the terms of the Maslow Corporate Guaranties, to secure their respective obligations under the Maslow Corporate Guaranties, each Maslow Corporate

Guarantor granted Plaintiff a security interest in the collateral described therein (the "Maslow Guarantor Collateral").

69. To perfect its interest in the Maslow Guarantor Collateral, Plaintiff filed the HCRN UCC, the Vivos Holdings UCC, and the Vivos Acquisitions UCC.

70. The HCRN Advance Agreement and the HCRN Corporate Guaranties provide that upon default, Plaintiff may, among other things, take possession of the HCRN Collateral and the HCRN Guarantor Collateral.

71. The Maslow Advance Agreement and the Maslow Corporate Guaranties provide that upon default, Plaintiff may, among other things, take possession of the Maslow Collateral and the Maslow Guarantor Collateral.

72. As set forth more fully above, HCRN is in default under the HCRN Documents as a result of the HCRN Defaults.

73. As set forth more fully above, Maslow is in default under the terms of the Maslow Documents as a result of the Maslow Defaults.

74. Plaintiff is entitled to the relief afforded in the HCRN Documents, the HCRN Corporate Guaranties and under applicable law, including the right to foreclose on the HCRN Collateral and the HCRN Guarantor Collateral.

75. Plaintiff is entitled to the relief afforded in the Maslow Documents, the Maslow Corporate Guaranties and under applicable law, including the right to foreclose on the Maslow Collateral and the Maslow Guarantor Collateral.

**WHEREFORE,** Plaintiff CC Business Solutions, a division of Credit Cash NJ, LLC, demands that judgment be entered:

  a. Barring and foreclosing Healthcare Resource Network, LLC, The Maslow Media Group, Inc., Vivos Holdings, LLC and Vivos Acquisitions, LLC of all of theri respective equity of redemption in and to the Collateral pledged by it, as more specifically described in the HCRN Documents and the Maslow Documents;

  b. Adjudging that the said Collateral, as more specifically described in the HCRN Documents and the Maslow Documents, be sold according to law to satisfy the amount due Plaintiff;

  c. Directing each of Healthcare Resource Network, LLC, The Maslow Media Group, Inc., Vivos Holdings, LLC and Vivos Acquisitions, LLC, and any person acting in concert with it, to take no action to interfere with Plaintiff's collection of the Collateral;

  d. Restraining each of Healthcare Resource Network, LLC, The Maslow Media Group, Inc., Vivos Holdings, LLC, and Vivos Acquisitions, LLC or any person acting in concert with it from transporting, destroying, secreting, selling, encumbering, disposing of or removing the Collateral; and

  e. Granting such other and further relief as the court deems equitable and just, including awarding Plaintiff costs associated with enforcing its rights under the HCRN Documents and the Maslow Documents with respect to the Collateral, including reasonable attorneys' fees.

          McCARTER & ENGLISH, LLP
          Attorneys for Plaintiff
          CC Business Solutions, a division of Credit Cash NJ, LLC


          By: */s/ Sheila E. Calello*
            SHEILA E. CALELLO
            A Member of the Firm

Dated:  September 28, 2018