**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CC BUSINESS SOLUTIONS, a division of CREDIT CASH NJ, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>HEALTHCARE RESOURCE NETWORK, LLC, et al.,<br><br>        Defendants. | Civil Action No: 18-14461-SDW-LDW<br><br>**OPINION**<br><br><br>December 12, 2019 |

**WIGENTON**, District Judge.

Before this Court is Plaintiff CC Business Solutions, a division of Credit Cash NJ, LLC's ("Plaintiff" or "Credit Cash") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Plaintiff's motion for summary judgment is **GRANTED**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Credit Cash is a Delaware limited liability company which "offers merchant loans to businesses in need of working capital." (D.E. 1 ¶ 1; 37-2 ¶ 1; 40 ¶ 1.)[1] Defendant HealthCare

---

[1] Citations to "D.E." refer to the docket entries for the parties' motion papers, including briefs, affidavits, declarations, and statements of undisputed facts, and the documents attached to and referenced therein.

1

Resource Network, LLC ("HCRN") is a Nevada limited liability company, which, at all relevant times, was managed by Naveen Doki ("Doki"), Suresh Boyapati ("Boyapati"), and Silvija Valleru ("Valleru"). (D.E. 37-2 ¶ 7; 40 ¶ 7.)[2] In November 2017, Credit Cash provided a loan to HCRN "with the total repayment amount of $1,005,000.00 ("HCRN Loan") pursuant to an Advance Agreement and Advance Schedule" ("HCRN Advance Agreement"). (D.E. 37-2 ¶ 2; 40 ¶ 2.) The HCRN Loan was executed with the consent of Doki, Boyapati, and Valleru and authorized by a corporate resolution. (D.E. 37-2 ¶¶ 9-11; 40 ¶¶ 9-11.) The loan was secured by a security interest in *inter alia*, "all Accounts" and "all other payment rights . . . ." (D.E. 37-4 Ex. A Sec. 3.1; 37-2 ¶ 4; 40-¶ 4.) Doki, Boyapati, Valleru, Vivos Acquisitions, Vivos Holdings, LLC ("Vivos Holdings"), and Maslow Media Group, Inc. ("Maslow") executed guarantees for the HCRN Loan. (D.E. 37-2 ¶ 3; 40 ¶ 3.)

In November 2017, Credit Cash also provided a loan to Maslow with a total repayment amount of $780,000 ("Maslow Loan") pursuant to an Accounts Receivable Advance Agreement ("Maslow Advance Agreement").[3] (D.E. 37-2 ¶¶ 12-13; 40 ¶¶ 12-13.) HCRN guaranteed the loan ("Maslow Guaranty") and granted Credit Cash a security interest "in and to substantially all of Guarantor's assets, whether now existing or hereafter acquired or created, and wherever located . . . ." (D.E. 37-4 Ex. F; 37-2 ¶¶ 14-15; 40 ¶¶ 14-15.) On September 14, 2018, Credit Cash provided

---

[2] HCRN's sole member, Vivos Acquisitions, LLC ("Vivos Acquisitions"), was also managed by Doki, Boyapati, and Valleru. (D.E. 37-2 ¶ 7; 40 ¶ 7.)

[3] The terms of both advance agreements provide that the borrower must reimburse "all costs and expenses incurred by [Credit Cash] to enforce any of its rights and remedies under this Agreement and any Related Agreements, including, without limitation, all internal and external attorneys' fees and expenses" and to indemnify Credit Cash for "attorney's fees and court costs, arising out of or otherwise relating in any respect to this Agreement." (D.E. 37-2 ¶¶ 18-19; 40 ¶¶ 18-19.)

written notice of defaults under both the HCRN and Maslow loans, and accelerated the loans such that all sums owed became due. (D.E. 37-2 ¶¶ 16-17; 40 ¶¶ 16-17.)

On September 28, 2018, Plaintiff filed suit in this Court against HCRN, Maslow, Vivos Holdings, Vivos Acquisitions, Doki, and Valleru.[4] (D.E. 1.) Plaintiff later requested and was granted default against all defendants except HCRN. (D.E. 11, 12.) Final judgment by default was entered against those defendants on January 8, 2019 in the amount of $1,092,350.61 jointly and severally. (D.E. 20, 28.) On July 26, 2019, Plaintiff filed the instant motion for summary judgment as to its claims against HCRN as the sole remaining defendant.[5] (D.E. 37, 39-43.)

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves

---

[4] Boyapati was not a named defendant.

[5] The remaining claims are Count One (Action on the HCRN Advance Agreement), Count Two (Breach of Contract – HCRN Advance Agreement), Count Seven (Action on the Guaranties of the Maslow Advance), and Count Eight (Breach of Contract – Maslow Guaranties). Count Nine, which seeks the foreclosure of security interests is not a substantive claim, but rather a request for declaratory relief.

"some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. Furthermore, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The nonmoving party cannot defeat summary judgment

simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 F. App'x 548, 554 (3d Cir. 2002).

### III. DISCUSSION

Under New Jersey law, "when the 'terms of a contract are clear and unambiguous there is no room for interpretation or construction and the courts must enforce those terms as written.'" *Travelodge Hotels, Inc. v. Elkins Motel Assocs., Inc.*, Civ. No. 03-799, 2005 WL 2656676, at *4 (D.N.J. Oct. 18, 2005) (citing *City of Orange Twp. v. Empire Mortg. Servs., Inc.*, 775 A.2d 174, 179 (N.J. Super. Ct. App. Div. 2001)). Whether a contract is ambiguous is a question of law for the court and properly considered at summary judgment. *Travelodge*, 2005 WL 2656676 at *4; *see also Aerospace & Agric. Implement Corkers v. Mack Trucks, Inc.*, 917 F.2d 107, 111 (3d Cir. 1990); *J.I. Hass Co., Inc. v. Gilbane Bldg. Co.*, 881 F.2d 89 (3d Cir. 1989).

Here, there is no dispute as to: 1) the validity of the loans or the guarantees; 2) the scope of the terms of those agreements, which are clear and unambiguous; or 3) HCRN's default. Defendant's opposition is based solely on its contentions that: 1) Plaintiff failed to perfect its lien on Defendant's assets because it filed its UCC-1 Financing Statement before "HCRN executed the loan documentation; and 2) Plaintiff is "not entitled to the relief it seeks since it is a junior lienholder." (D.E. 42 at 6-9.) Issues of perfection and priority, however, are irrelevant to HCRN's obligations under the loans and guarantees, and, therefore, do not create a genuine issue of material fact as to HCRN's obligation as the borrower to repay the loaned funds under the HCRN Loan or its obligation to repay the loaned funds under the Maslow Loan as a guarantor. Therefore, Plaintiff's motion for summary judgment will be granted as to Counts One, Two, Seven, and Eight.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is **GRANTED**.

An appropriate order follows.

                                               /s/ Susan D. Wigenton
                                             **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Leda D. Wettre, U.S.M.J.
          Parties